**SEALED DOCUMENT**

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW HAMPSHIRE | U.S. DISTRICT COURT<br>DISTRICT OF NH<br>FILED<br><br>2017 NOV 15 P 4: 18 |

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) 17-mc-54-AJ
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) ) **Filed Under Seal**
_____)

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require CELLCO DBA VERIZON WIRELESS, a cellular service provider, located in Bedminster, New Jersey, to disclose certain records and other information pertaining to the cellular telephone assigned call number (603) 828-3164, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. CELLCO DBA VERIZON WIRELESS is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require CELLCO DBA VERIZON WIRELESS to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d).

Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating the unlawful distribution of fentanyl/heroin pills in and around Rochester, New Hampshire. The investigation concerns possible violations of, inter alia, 21 U.S.C. § 841(a)(1) and (b)(1)(C).

5. On September 2, 2017, the New Market, New Hampshire Police Department responded to a residence to investigate the suspected drug overdose death of Moira Byrnes. At the scene, officers seized a cellular telephone bearing telephone number (603) 312-7808, no listed subscriber. A subsequent forensic examination of the cellular telephone revealed that on September 1, 2017, cellular telephone (603) 312-7808 was in contact numerous times via telephone calls and text messages with cellular telephone (603) 828-3164, subscribed to Andrew P. Lynch, 208 Blackwater Road, Rochester, New Hampshire. Cellular telephone (603) 828-3164 was listed under "Andrew" in Byrnes' phone contact list.

6. Law enforcement subsequently interviewed an individual who stated that on the evening of September 1, 2017, this individual drove Byrnes to 208 Blackwater Road, Rochester,

New Hampshire to purchase pills. The New Hampshire Medical Examiner's Office subsequently determined that Byrnes died of acute fentanyl intoxication.

7. The United States Drug Enforcement Administration is conducting a parallel investigation into Lynch's suspected drug trafficking and has identified Lynch as the user of cellular telephone (603) 828-3164. As part of this investigation, in May and June, 2017, DEA conducted two controlled purchases of fentanyl and heroin pills from Lynch at the Blackwater Road residence.

8. Based on witness statements, cellular telephone analysis and the ongoing investigation, law enforcement believes Lynch was the source of supply of the fentanyl pills that led to Byrnes' untimely death.

## REQUEST FOR ORDER

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to further identify the individual who is responsible for the events described above, and to determine the nature and scope of his criminal activities. Accordingly, the United States requests that CELLCO DBA VERIZON WIRELESS be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require CELLCO DBA VERIZON WIRELESS not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service

to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because notification of the existence of the order will seriously jeopardize the investigation, including by giving the target an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b).

11.     The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                                Respectfully submitted,

                                                JOHN J. FARLEY
                                                Acting United States Attorney

Date:   November 15, 2017            By:    /s/ Jennifer C. Davis
                                                Jennifer Cole Davis
                                                Assistant United States Attorney
                                                NH Bar # 10222
                                                United States Attorney's Office
                                                53 Pleasant Street
                                                Concord, NH 03301
                                                (603) 225-1552
                                                Jennifer.c.davis@usdoj.gov

# ATTACHMENT A

I. **The Account**

The Order applies to records and information associated with the cellular telephone assigned call number (603) 828-3164 (the "Account").

II. **Records and Other Information to Be Disclosed**

CELLCO DBA VERIZON WIRELESS is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period August 1, 2017 through September 30, 2017:

- A. The following information about the customers or subscribers of the Account:

    1. Names (including subscriber names, user names, and screen names);
    2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
    3. Local and long distance telephone connection records;
    4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
    5. Length of service (including start date) and types of service utilized;
    6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
    7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
    8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.      All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

**SEALED DOCUMENT**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. 1:17-mc-54-AJ <br><br> **Filed Under Seal** |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring CELLCO DBA VERIZON WIRELESS, an electronic communications service provider and/or a remote computing service located in Bedminster, New Jersey, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving the target an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that CELLCO DBA VERIZON WIRELESS shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that CELLCO DBA VERIZON WIRELESS shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscriber of the account listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that CELLCO DBA VERIZON WIRELESS may disclose this Order to an attorney for CELLCO DBA VERIZON WIRELESS for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
Andrea K. Johnstone
United States Magistrate Judge

_____
Date

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by CELLCO DBA VERIZON WIRELESS and my official title is _____. I am a custodian of records for CELLCO DBA VERIZON WIRELESS. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of CELLCO DBA VERIZON WIRELESS, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of CELLCO DBA VERIZON WIRELESS and

    c.    such records were made by CELLCO DBA VERIZON WIRELESS as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature